1                                                                                    JL

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Lisa Dorescar,                              No.    CV-26-01029-PHX-SHD (MTM)

10                        Petitioner,

11   v.                                          **ORDER TO SHOW CAUSE**

12   Kristi Noem, et al.,

13                        Respondents.

14

15          Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration

16   detention.  (Doc. 1.)

17          Petitioner is originally from Haiti and entered the United States with her mother in

18   2008, when she was 5 years old.  (*Id.* ¶¶ 2-3.)  Petitioner has been a Temporary Protected

19   Status recipient since 2010, and she has a TPS application pending.  (*Id.* ¶¶ 7-8.)

20          On July 23, 2025, Petitioner was arrested for grand theft in Florida, where she lived.

21   (*Id.* ¶¶ 4, 9.)  United States Immigration and Customs Enforcement (ICE) officers placed

22   Petitioner in immigration detention.  (*Id.* ¶ 10.)  On August 22, 2025, the State of Florida

23   decided not to file charges against Petitioner.  (*Id.* ¶ 11.)  Following the dismissal of the

24   charges, Petitioner remained in immigration detention pursuant to 8 U.S.C. § 1226.  (*Id.* ¶

25   12.)  Subsequently, Petitioner was transported to the Eloy Detention Center, where she

26   remains detained and subject to deportation proceedings.  (*Id.* ¶ 13.)

27          On January 8, 2026, Petitioner filed a § 2241 petition in this Court challenging her

28   immigration detention.  *Dorescar v. Noem*, CV-26-00112-PHX-SHD (MTM).  Petitioner

asserted that she was subject to 8 U.S.C. § 1226(a), which contemplates a bond hearing, not 8 U.S.C. § 1225(b)(2), which mandates detention. *Id.* In a January 15, 2026 Order in that case, the Court granted the Petition and ordered Respondents to provide Petitioner a bond redetermination hearing within 7 days or release her from custody under the same conditions that existed before her detention. *Id.* (Doc. 6.) On January 23, 2026, Respondents filed a Notice of Compliance indicating that Petitioner received a bond hearing on January 21, 2026. *Id.* (Doc. 8.)

In the Petition in this case, Petitioner asserts she has not been released from custody because the Immigration Judge (IJ) in her bond hearing determined that she was subject to mandatory detention under the Laken Riley Act. (Doc. 1 at 3 ¶ 18.) The IJ found in the alternative that if Petitioner was not subject to mandatory detention under the Laken Riley Act, the IJ would find she is not a danger and would set bond at $10,000. (*Id.*)

Petitioner asserts that the Laken Riley Act purports to expand § 1226(c) by adding a new subsection (c)(1)(E) that imposes mandatory detention on certain noncitizens, including those who have not been convicted of any crime. (*Id.* ¶ 44.) Rather, the new subsection (c)(1)(E) requires detention for certain noncitizens who are merely "charged with" or "arrested for" certain crimes, including alleged theft crimes such as shoplifting. (*Id.*) Petitioner contends that on its face, the new subsection 1226(c)(1)(E) requires detention without any individualized process, even if the person is not a flight risk and is not dangerous and "appears to require detention even if the charge is still pending, was ultimately dismissed, or resulted in an acquittal." (*Id.* ¶ 45.) Petitioner asserts the new subsection "appears to require detention if the noncitizen has never been adjudicated guilty of any crime" or charged with any crime." (*Id.*)

Petitioner contends she is being held as a mandatory detainee without access to a bond hearing for the duration of any immigration proceedings. (*Id.* ¶ 19.) Petitioner asserts that she has never admitted or been adjudicated guilty of any serious criminal offense that might arguably serve as a proxy for risk of flight or dangerousness, and therefore, there is no reason to believe that her continued detention serves the purposes of civil immigration

detention of ensuring the safety of the community and the future appearance of the noncitizen at immigration proceedings. (*Id.* ¶ 19.) Petitioner contends her continuing loss of liberty without individualized process violates the Due Process Clause of the Fifth Amendment to the United States Constitution and "will likely last for many months and potentially years" in the absence of habeas relief. (*Id.* ¶ 20.) Petitioner asserts she is entitled to receive a bond hearing before a neutral magistrate in which she is provided individualized consideration of whether she presents a danger or a flight risk, and, if not, is offered release on bond for the pendency of her removal proceedings. (*Id.* ¶ 21.) Petitioner asks that the Court order her immediate release unless she is provided a bond hearing, including all legally necessary procedural protections, within three days after the Court's order.

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1)    Counsel for Petitioner must immediately serve the Petition (Doc. 1) on Respondents.

(2)    If not already issued, the Clerk of Court must issue any properly completed summonses.

(3)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4)    Respondents must show cause no later than **February 27, 2026**, why the Petition should not be granted.

- 3 -

1    (5)    Petitioner may file a reply no later than **March 6, 2026**.

2    Dated this 17th day of February, 2026.

3

4

5

6

7    _____

8    Honorable Sharad H. Desai
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28