# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Dorescar, | No. CV-26-01029-PHX-SHD (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging her immigration detention. (Doc. 1.) The Court ordered an expedited response to the Petition, and briefing is now complete. (Docs. 3-6.) The Court grants the Petition.

Petitioner is a citizen of Haiti who entered the United States in 2008 at the age of five. (Doc. 1 ¶¶ 2-3.) Petitioner was arrested in July 2025 for grand theft and was thereafter placed in immigration detention. (*Id.* ¶ 9.) On August 22, 2025, the State of Florida declined to file charges against Petitioner, but she remained in immigration detention. (*Id.* ¶ 11.) Petitioner filed a previous habeas corpus petition in which she sought and was granted a bond hearing. (*Id.* ¶ 15.) During that bond hearing, the Immigration Judge determined Petitioner is subject to mandatory detention under the Laken Riley Act (LRA). (*Id.* ¶ 18.) But in the alternative, the IJ found that if Petitioner was not subject to mandatory detention under the LRA, the IJ would find she is not a danger and would set bond at $10,000. (*Id.*)

In her present petition, Petitioner challenges the application of the LRA, enacted in

early 2025, which expanded the scope of individuals subject to mandatory detention under 8 U.S.C. § 1226(c) to include individuals arrested or charged with certain crimes and not simply convicted of certain crimes.

The Court directed Respondents to address Petitioner's allegations and explain how mandatory immigration detention stemming from an arrest and subsequent declination of charges provides due process to a Petitioner.  (Doc. 3.)  In their response, Respondents do not address this issue.   Rather, Respondents summarily contend Petitioner is subject to detention under the LRA and the Supreme Court in *Jennings* determined that Section 1226(c) authorized continued detention under its authority pending a decision on removal of the alien unless the Attorney General decided certain, specific conditions were met, and that such detention was constitutional. 583 U.S. 281 at 303, 305-06.  (Doc. 4.)

Respondents are incorrect. *Jennings* expressly did not reach the constitutional issue and only addressed whether the statutory language provided for provision of a bond hearing after a certain length of detention.   *Id.* ("Because the Court of Appeals erroneously concluded that periodic bond hearings are required under the immigration provisions at issue here, it had no occasion to consider respondents' constitutional arguments on their merits. . . . we [therefore] do not reach those arguments. Instead, we remand the case to the Court of Appeals to consider them in the first instance.").

Respondents also assert the Court lacks jurisdiction under 8 U.S.C. § 1226(e) to review bond decisions.   But Petitioner does not challenge the discretionary decision whether to grant bond.  Rather, she challenges the Immigration Judge's invocation of the LRA to authorize her detention.   Because Respondents fail to address the core issue presented—whether an arrest without the filing of charges in any way ensures Petitioner receives due process—the Court finds Respondents have waived any challenge to Petitioner's claim.   *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").

In addition, to avoid "serious due process concerns," "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes." *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026).  Thus, "mandatory detention is not required when charges are never filed, *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025), or where an individual has been acquitted, *E.C. v. Noem*, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025)." *Singh*, 2026 WL 266021, at *2.  The Court will therefore grant the Petition and order Petitioner released under the Immigration Judge's alternative bond determination that Petitioner is not a danger and would set bond at $10,000 to ameliorate flight risk.  (Doc. 1, Ex. B.)

**IT IS THEREFORE ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must release Petitioner under the Immigration Judge's alternative bond determination.

3. Respondents must provide a notice of compliance within three days of releasing Petitioner.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 5th day of May, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 3 -